UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In Re: Anew Health Care, Inc. § | | Case No. 18-52711 |
| § | | |
| **DEBTOR** § | | Chapter 11 |

## MOTION TO WAIVE APPOINTMENT OF PATIENT CARE OMBUDSMAN

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Anew Health Care, Inc., Movant herein, and files this Motion To Waive Appointment of Patient Care Ombudsman pursuant to 11 U.S.C. § 333, and for cause therefore would show the following:

1. On 11/14/2018 Debtor filed its voluntary petition pursuant to Chapter 11 of Title 11 of the U.S. Code. Debtor continues to manage it's business and financial affairs as Debtor-in-Possession pursuant to § 107(a) and § 108 of the Bankruptcy Code.

2. Debtor is a home health care business which operates in San Antonio, Texas.

3. The cause of Debtor's bankruptcy was not due to any deficiency in patient care or preservations of patient privacy, but is attributable to unrelated financial and economic reasons. Specifically, the bankruptcy was filed as the result of levies and liens filed by the Internal Revenue Service for unpaid employment taxes.

4. There are no pending lawsuits, claims, complaints, or other issues related to inadequate patient care.

5. The existence of Debtor's past history of patient care indicates that an ombudsman is not necessary to protect patients' care or privacy.

6. There exists a sufficient presence of Federal and State licensing and regulatory agencies to protect the interests of patients. Debtor is in good standing with all State and Federal licensing and regulatory agencies. Adding an ombudsman on pendency of this bankruptcy would be a total

duplication of efforts of various public and private entities already overseeing the welfare of the children.

7. Debtor maintains sufficient internal policies, procedures and safeguards to ensure that appropriate level of care is provided to it's patients.

8. Most of Debtor's patients have the ability of articulating and preserving their interests and protecting their rights.

9. Debtor's patients have a low level of dependency on Debtor's services and facilities.

10. There is little likelihood of tension between interests of patients and Debtor. There is a low likelihood that patient care will be sacrificed or compromised in order to effectuate the reorganization. This is because a decline in patient care, whether real or perceived, would severely reduce Debtor's ability to receive placements from referring agencies.

11. There is little potential for injury to patients if Debtor drastically reduced its level of patient care.

12. The cost of an ombudsman, as an unnecessary expense, could have a significant negative impact on the likelihood of a successful reorganization. Debtor's lack of cash and inability to obtain financing from conventional sources clearly indicates this case cannot afford an ombudsman.

13. Debtor maintains all patients' records in a save and secure environment and in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy, Security and Breach Notification Rules.

WHEREFORE, PREMISES CONSIDERED, Debtor prays the Court enter an order waiving the appointment of a health care ombudsman because such appointment is not necessary under the specific facts of this case, and for such other relief to which Debtor may be entitled.

Respectfully submitted,

Law Office of David T. Cain
8626 Tesoro Dr., Ste. 811
San Antonio, Texas 78217
(210) 308-0388; Fax (210) 503-5033

/s/ David T Cain
_____
David T. Cain
State Bar No. 03598800

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2018 a true and correct copy of the above and foregoing was served upon the following parties-in-interest via electronic means as listed on the Court's ECF Noticing System or by regular first class mail:

United States Trustee
P.O. Box 1539
San Antonio, TX 78295-1539

Anew Health Care, Inc.
4606 Centerview, Ste 221
San Antonio, Texas 78228

...and to all creditors on the matrix below.

/s/ David T. Cain
_____
David T. Cain

| | | |
|---|---|---|
| Academy Systems<br>1343 E. 10th St.<br>Brooklyn, NY 11230 | Ann Skowronski<br>Tx Dept. of Aging and Disability<br>701 W. 51st,MC W-615<br>Austin, TX 78751 | Bexar County<br>c/o Linebarger, Goggan, Blair,<br>711 Navarro, Suite 300<br>San Antonio, TX 78205 |
| Casey Roy<br>Texas Attorney General<br>P.O. Box 12548, MC-008<br>Austin, TX 78714 | Dahill<br>PO Box205354<br>Dallas, TX 75320 | Heritage Pro Health Care<br>536 Old Howell Rd.<br>Greenville, SC 29615 |
| Internal Revenue Service<br>300 E. 8th St, STOP 5022 AUS<br>Austin, Texas 78701 | Internal Revenue Service<br>Special Procedures-Insolvency<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service<br>300 E. 8th St, STOP 5022 AUS<br>Austin, Texas 78701 |
| Kabbage, Inc.<br>925B Peachtree St. N.E., #1688<br>Atlanta, GA 30309 | Office of the Attorney General<br>P.O. Box 12548<br>Austin, TX 78711-2548 | Remedy Therapy Staffing<br>PO Box 609<br>Buda, TX 78610 |
| Rivas Goldstein<br>7035 Bee Caves Rd. #200<br>Austin, TX 78746 | South TX Home Rehab<br>6014 Queen Bess<br>Corpus Christi, TX 78414 | Speech Specialist<br>13333 Blanco Rd. 302<br>San Antonio, TX 78216 |

| | | |
|---|---|---|
| Stericycle | Stewart Org. | Texas Dept. of Aging and Disability |
| 4010 Commercial Ave | PO Box 166708 | PO Box 149030 |
| Northbrook, IL 60062 | Irving, TX 75016 | Austin, Texas 78714 |

Ann Skowronski
Texas Health and Human Services.
Mail Code W-615
701 W 51st Street
Austin, TX 78751